THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

# CALIFORNIA MOTOR VEHICLE LEASE AGREEMENT


LINCOLN
AUTOMOTIVE FINANCIAL SERVICES


Lease Date: 03/29/2024

**Lessee** (and Co-Lessee) - Name and Address (including County):

MHARLA SIMMONS
5632 WEAVER PL
Oakland, CA 94619-3131 ALAMEDA

N/A

**Lessor** - Name and Address:

FUTURE FORD OF CONCORD, LLC
2285 DIAMOND BOULEVARD
CONCORD, CA 94520

**"Finance Company"** is ___Lincoln Automotive Financial Services___. The **"Holder"** is ___CAB West LLC___ and its assigns. By signing **"You"** (Lessee and Co-Lessee) agree to lease this Vehicle according to the terms in this lease and the terms of the WearCare Addendum if it is attached to this lease.

| New/Used | Mileage at Delivery | Year/Make/Model | Vehicle ID # | Vehicle Use |
|---|---|---|---|---|
| New | 34 | 2024 Lincoln Nautilus | 7790 | Personal |

**THERE IS NO COOLING OFF PERIOD**
California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, you cannot later cancel this lease simply because you change your mind, decided the vehicle costs too much, or wish you had acquired a different vehicle. You may cancel this lease only with the agreement of the lessor or for legal cause, such as fraud.

**Agreement to Arbitrate:** By signing below You agree that, pursuant to the Arbitration provision on page 6 of this lease, You or we may resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration provision for any additional information concerning the agreement to arbitrate.

Buyer Signs X A _____*MHARLA SIMMONS*_____

Co-Buyer Signs X A _____N/A_____

THIS CUSTOMER COMPLETED COPY WAS CREATED ON 03/30/2024 12:43:37 AM GMT

EXHIBIT A

 THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

| 1. Amount Due At Lease Signing or Delivery (Itemized Below) * | 2. Monthly Payments | 3. Other Charges (not part of Your monthly payment) | 4. Total of Payments (The amount You will have paid by the end of the lease) |
|---|---|---|---|
| $ 5,000.00 | Your first monthly payment of $ 739.29 is due on 03/29/2024, followed by 38 payments of $ 739.29 due on the 28th day of each month. The total of Your monthly payments is $ 28,832.31. | Disposition Fee (if You do not purchase the Vehicle) 395.00<br>N/A     N/A<br>N/A     N/A<br>Total     $ 395.00 | $ 33,488.02 |

### * Itemization of Amount Due at Lease Signing or Delivery

**5. Amounts Due At Lease Signing or Delivery:**

| | |
|---|---|
| a. Capitalized cost reduction | $ 3,100.23 |
| b. First monthly payment | 739.29 |
| c. Refundable security deposit | 0.00 |
| d. Title fees | N/A |
| e. Registration fees | 717.71 |
| f. California tire fee | 7.00 |
| g. Acquisition Fee | N/A |
| h. Upfront taxes | 317.77 |
| i. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) | 33.00 |
| j. Document Processing Charge (not a governmental fee) | 85.00 |
| k. N/A | N/A |
| l. N/A | N/A |
| m. N/A | N/A |
| n. N/A | N/A |
| o. N/A | N/A |
| p. N/A | N/A |
| q. N/A | N/A |
| r. N/A | N/A |
| s. N/A | N/A |
| t. N/A | N/A |
| Total | $ 5,000.00 |

**6. How the Amount Due At Lease Signing or Delivery will be paid:**

| | |
|---|---|
| a. Net trade-in allowance | $ N/A |
| b. Rebates and noncash credits | 1,000.00 |
| c. Amount to be paid in cash | 4,000.00 |
| d. N/A | N/A |
| Total | $ 5,000.00 |

**7. Your monthly payment is determined as shown below:**

| | |
|---|---|
| a. **Gross capitalized cost.** The agreed upon value of the Vehicle ($ 56,236.00) and any items You pay over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance) (See item 11)**................................. | $ 58,130.00 |
| b. **Capitalized cost reduction.** The amount of any net trade-in allowance, rebate, noncash credit, or cash that You pay that reduces the gross capitalized cost................................................................................................................................................ | - 3,100.23 |
| c. **Adjusted capitalized cost.** The amount used in calculating Your base monthly payment............................................................ | = 55,029.77 |
| d. **Residual value.** The value of the Vehicle at the end of the lease used in calculating Your base monthly payment.................... | - 33,820.95 |
| e. **Depreciation and any amortized amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the lease term........................................................................................................................................ | = 21,208.82 |
| f. **Rent charge.** The amount charged in addition to the depreciation and any amortized amounts............................................... | + 5,045.98 |
| g. **Total of base monthly payments.** The depreciation and any amortized amounts plus the rent charge..................................... | = 26,254.80 |
| h. **Lease payments.** The number of payments in Your lease......................................................................................................... | ÷ 39 |
| i. **Base monthly payment**............................................................................................................................................................... | = 673.20 |
| j. **Monthly sales / use tax**............................................................................................................................................................... | + 66.09 |
| k. **Total monthly payment**.............................................................................................................................................................. $ | 739.29 |
| l. **Lease term in months**................................................................................................................................................................ | 39 |

**Early Termination.** You may have to pay a substantial charge if You end this lease early. <u>The charge may be up to several thousand dollars.</u> The actual charge will depend on when the lease is terminated. The earlier You end the lease, the greater this charge is likely to be.

**8. Excess Wear and Use.** You may be charged for excessive wear based on our standards for normal use. At the scheduled end of this lease, unless You purchase the Vehicle, **You must pay** to Lessor $0.25 per mile for each mile in excess of 34,159 miles shown on the odometer. See Items 21 and 25 and the WearCare Addendum if it is attached to this lease for additional excess wear and use terms.

**9. Extra Mileage Option Credit.** At the scheduled end of this lease, You will receive a credit of $0. N/A per unused mile for the number of unused miles between N/A and N/A miles, less any amounts You owe under this lease. You will not receive any credit if the Vehicle is destroyed, if You terminate Your lease early, exercise any purchase option, are in default or the credit is less than **$1.00**.

**10. Purchase Option at End of Lease Term**
[X] You have the option to purchase the Vehicle at the end of the lease term from a party designated by the Holder if You are not in default for the purchase option price of $ 34,320.95 **(which includes a purchase option fee of $ 500.00 ), plus official fees and taxes.**
[ ] You do not have the option to purchase the Vehicle at the end of the lease term. The second paragraph in Section 27, "VOLUNTARY EARLY TERMINATION AND PURCHASE OF THE VEHICLE," and any references to purchasing the vehicle under this lease do not apply.

**Other Important Terms.** See Your lease documents for additional information on early termination, purchase option and maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

THIS CUSTOMER COMPLETED COPY WAS CREATED ON 03/30/2024 12:43:37 AM GMT

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

## **11. Itemization of Gross Capitalized Cost

| Agreed Upon Value of the Vehicle As Equipped at the Time of Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease |
|---|---|---|---|
| $ 56,236.00 | + $ N/A | + $ N/A | + $ N/A |
| Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease |
| + $ N/A | + $ N/A | + $ N/A | + $ N/A |

| Sales/Use Tax & Other Applicable Taxes | Title Fees | License & Registration Fees | Lessor Services | Acquisition Fee |
|---|---|---|---|---|
| + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ 645.00 |
| Document Processing Charge (not a governmental fee) | Outstanding Prior Credit or Lease Balance | WearCare | Agreed Upon Value of N/A | Agreed Upon Value of N/A |
| + $ N/A | + $ N/A | + $ 1,050.00 | + $ N/A | + $ N/A |
| Electronic Vehicle Registration or Transfer Charge (not governmental fee) | Vehicle Marking | N/A | N/A | N/A |
| + $ N/A | + $ 199.00 | + $ N/A | + $ N/A | + $ N/A |
| N/A | N/A | N/A | N/A | N/A |
| + $ N/A | + $ N/A | + $ N/A | + $ N/A | + $ N/A |
| N/A | N/A | N/A | N/A | Total Gross Capitalized Cost |
| + $ N/A | + $ N/A | + $ N/A | + $ N/A | = $ 58,130.00 |

**12. WARRANTY** The Vehicle is covered by any warranty indicated below:

[X] Standard new vehicle warranty provided by the manufacturer or distributor of the Vehicle

[ ] _____N/A_____

If the Vehicle is of a type normally used for personal use and the Lessor, or the Vehicle's manufacturer, extends a written warranty or service contract covering the Vehicle within 90 days from the date of this lease, You get implied warranties of merchantability and fitness for a particular purpose covering the Vehicle. Otherwise, You understand and agree that there are no such implied warranties, except as otherwise required by state law.

**13. OFFICIAL FEES AND TAXES $ 3,652.99**
The estimated total amount You will pay for official and license fees, registration, title and taxes over the term of Your lease, whether included with Your monthly payments or assessed otherwise. The actual total of fees and taxes may be higher or lower depending on the tax rates in effect or the value of the leased property at the time a fee or tax is assessed.

**14. This lease contract was negotiated primarily in the language marked:** ___X___ **English**
_____ Spanish _____ Chinese _____ Tagalog
_____ Korean _____ Vietnamese _____ Other

**15. LESSOR SERVICES** _____N/A_____
(See Item 20) _____N/A_____

**16. LATE PAYMENTS** You will pay a late charge on each payment that is not received within **10 days** after it is due. The charge is **7.5%** of the full amount of the scheduled payment or **$50.00** whichever is less.

**17. VEHICLE INSURANCE MINIMUMS.** You must insure the Vehicle during this lease. This insurance must be acceptable to Finance Company and protect You and Holder with **(a)** comprehensive fire and theft insurance with a maximum deductible amount of **$1,000; and (b)** collision and upset insurance with a maximum deductible of **$1,000; and (c)** automobile liability insurance with minimum limits for bodily injury or death of $ 15,000.00 for any one person and $ 30,000.00 for any one accident, and $ 5,000.00 for property damage.

- THIS CUSTOMER COMPLETED COPY WAS CREATED ON 03/30/2024 12:43:37 AM GMT



 THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

| 18. Description of Vehicle or Other Property Trade-In: | N/A Year/Make/Model or Other Property Description | Agreed Upon Gross Value: N/A See Item 6, for net trade-in allowance |
|---|---|---|

LESSEE AGREES THAT IF THIS LEASE CAN NOT BE ASSIGNED BY THE DEALER TO A FINANCIAL INSTITUTION ON TERMS ACCEPTABLE TO THE DEALER AND DEALER PROVIDES NOTICE TO THE CUSTOMER WITHIN 10 DAYS OF LEASE SIGNING, THE LEASE WILL BE CANCELLED OR RESCINED. LESSEE MUST IMMEDIATELY RETURN THE VEHICLE TO THE DEALER IN THE SAME CONDITION, REASONABLE WEAR AND TEAR ACCEPTED. UPON RETURN OF THE VEHICLE, DEALER SHALL RETURN ALL CONSIDERATION PAID BACK TO THE LESSEE.

Trade-In, Turn-In and other Individualized Agreements

By: **X B** *McHARLA SIMMONS* | By: **X B** N/A
Lessee | Co-Lessee

### VEHICLE MAINTENANCE, INSURANCE AND USE

**19. VEHICLE USE AND SUBLEASING** You will not use, or permit others to use the Vehicle (a) in violation of any law, (b) contrary to the provisions of any insurance policies covering the Vehicle, (c) outside the state where first titled or registered for more than **30** days without Finance Company's written consent, (d) outside the United States, except for less than **30** days in Canada or Mexico or (e) as a private or public carrier. You will keep this lease and Vehicle free of all liens and encumbrances. **You will not assign or sublease any interest in the Vehicle or lease without Finance Company's written consent.**

**20. VEHICLE MAINTENANCE AND OPERATING COSTS** Proper Vehicle maintenance is Your responsibility. You must maintain and service the Vehicle at Your own expense, using materials that meet the manufacturer's specifications. This includes following the owner's manual and maintenance schedule, documenting maintenance performed, and making all needed repairs. You are also responsible for all operating costs such as gas and oil. Lessor will provide the service(s), if any, identified in the Lessor Services section under the terms of a separate agreement. The manufacturer will invalidate warranty coverage on parts affected by a failure to maintain the Vehicle as required by the manufacturer. (See Lessor Services, Item 15)

**21. DAMAGE REPAIR** You are responsible for repairs of **All Damage** which are not a result of normal wear and use. These repairs include, but are not limited to, those necessary to return the Vehicle to its pre-accident condition, including repairs to **Exterior Sheet Metal, Plastic Components,** and to **Vehicle Safety Systems,** including air bag, seat belt and bumper system components. Replacement of Sheet Metal must be made with Original Equipment Manufacturer Sheet Metal. All other repairs must be made with Original Equipment Manufacturer parts. Discuss this requirement with Your insurance company prior to signing a collision repair estimate or before authorizing any collision repair work.

If You have not had the repairs made before the Vehicle is returned at the scheduled end of this lease, You will pay the estimated costs of such repairs, even if the repairs are not made prior to Holder's sale of the Vehicle.

**22. VEHICLE INSURANCE** If the state in which You title/register the Vehicle establishes or changes the minimum automobile liability insurance limits greater than those listed in Section 17, "Vehicle Insurance Minimums," for bodily injury or death and property damage insurance, You must insure the Vehicle and the Holder at the higher minimum limits established by the state. **These amounts may not be sufficient to cover all Your liabilities. You may wish to consult Your insurance advisor about obtaining additional coverage.** You will list the loss payee and additional insured as requested by Lessor. You must give Finance Company evidence of this insurance.

You authorize Finance Company, on Your behalf, to receive and endorse checks or drafts, and settle or release any claim under the insurance related to Holder's ownership of the Vehicle. You also assign to Holder any other insurance proceeds related to this lease or Holder's interest in the Vehicle.

If you or Finance Company obtain a refund for amounts paid to third parties for insurance, service contracts, or any other amount paid to a third party included in the Gross Capitalized Cost of this lease, You must pay to the Holder the entire amount of the refund and You authorize the Holder to subtract the refund from the amount You owe under this lease.

**LESSOR IS NOT PROVIDING VEHICLE INSURANCE OR LIABILITY INSURANCE**

If you title/register the Vehicle in, or change the garage location of the Vehicle to a state where Finance Company has established minimum automobile liability insurance limits greater than those listed in this lease for bodily injury or death and property damage insurance, You must insure the Vehicle and the Holder at the higher minimum limits established by Finance Company.

- THIS CUSTOMER COMPLETED COPY WAS CREATED ON 03/30/2024 12:43:37 AM GMT

 THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

## ENDING YOUR LEASE

**23. TERMINATION** This lease will terminate (end) upon (a) the end of the term of this lease, (b) the return of the Vehicle to Lessor or another place designated by Finance Company, and (c) the payment by You of all amounts owed under this lease. Finance Company may cancel this lease if You default.

**24. RETURN OF VEHICLE** If You do not buy the Vehicle at lease end, You must return it to Lessor unless Finance Company designates another place. Upon return of the Vehicle, You must pay the Disposition Fee shown in this lease in Section 3, "Other Charges." If, upon termination of the lease, You enter into a lease agreement or retail installment contract for a new vehicle which is assigned to or administered by Finance Company, You will not be required to pay the Disposition Fee. If You fail to return the Vehicle, You must continue to pay the monthly payments **plus** other damages to Finance Company, including amounts payable under default. Payment of these amounts will not allow You to keep the Vehicle.

**25. STANDARDS FOR EXCESS WEAR AND USE** You are responsible for all repairs to the Vehicle that are not the result of normal wear and use. These repairs include, but are not limited to those necessary to repair or replace: (a) **Tires** that have sidewall damage/plugs, exposed cords/belts, or are unmatched for Vehicle or unsafe; (b) **Electrical or Mechanical** defects or malfunctions; (c) **Glass, Paint, Body Panels, Trim and Grill Work** that are broken, mismatched, chipped, scratched, pitted, cracked, or dented; (d) **Interior** rips, stains, burns or damaged areas; (e) **Replacement** of any missing equipment or parts (including missing keys or remote entry devices and all accessories listed in an Additional Equipment Addendum, if any, attached to this lease); and (f) **All Damage** which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force. Replacement of Sheet Metal and all other repairs must be made with Original Equipment Manufacturer parts. Your use or repair of the Vehicle must not invalidate any warranty. If You have not had the repairs made before the Vehicle is returned, You will pay the estimated costs of such repairs, even if the repairs are not made prior to Holder's sale of the Vehicle. You will maintain the **Odometer** of the Vehicle so that it always reflects the Vehicle's actual mileage. If the odometer is at any time inoperative, You will provide us with reasonable evidence of the Vehicle's actual mileage at vehicle return. If You are unable to do so, You will pay us our estimate of any reduction of the Vehicle's wholesale value caused by the inability to determine the Vehicle's actual mileage.

**26. YOUR ODOMETER OBLIGATIONS** Federal law requires You to complete a statement of the Vehicle's mileage at the end of this lease. You may be fined and/or imprisoned if you do not complete the disclosure or if you make a false statement.

**27. VOLUNTARY EARLY TERMINATION AND RETURN OF THE VEHICLE** You may terminate this lease early by returning the Vehicle to Lessor, unless Finance Company designates another place, and paying the following: (a) the difference, if any, between the Unpaid Adjusted Capitalized Cost and the Vehicle's Fair Market Wholesale Value, **plus** (b) all other amounts then due under this lease, **plus** (c) the Disposition Fee shown in this lease in Section 3, "Other Charges." You will never pay more than the sum of the remaining payments, plus any excess wear and use and mileage charges, and all other amounts then due under this lease.
**VOLUNTARY EARLY TERMINATION AND PURCHASE OF THE VEHICLE** You may purchase the Vehicle from Lessor or a party designated by Holder at any time for a purchase price that cannot exceed the following: (a) past due payments at the time of the purchase, **plus** (b) all other amounts then due under the lease (except excess wear and use and mileage charges), **plus** (c) any other charges, including the purchase option fee in Section 10, "Purchase Option at End of Lease Term", connected to the early termination and purchase, **plus** (d) the Unpaid Adjusted Capitalized Cost. You may also be charged for any taxes and other charges incidental to the sale. Payment of the purchase price will satisfy Your liabilities under this lease.
*Unpaid Adjusted Capitalized Cost* is reduced on each payment due date. It is calculated by reducing the Adjusted Capitalized Cost each month by the difference between the Base Monthly Payment and the part of the Rent Charges earned in that month on an **actuarial basis.** Rent Charges are earned when due. Lessor or Finance Company will provide You with a written explanation of the actuarial method upon Your request.
*Fair Market Wholesale Value*, at Your option, will be: (a) an amount agreed to by You and Finance Company, or (b) the value which could be realized at the wholesale sale of the Vehicle, as determined by a professional appraisal obtained by You at Your expense from an independent third party agreeable to Finance Company at least 3 days prior to any scheduled sale date of the Vehicle, or (c) if not established by agreement or appraisal, the net amount received by Finance Company, Holder or its designated intermediary upon the sale of the Vehicle at wholesale.
Please contact Finance Company at the telephone number or website listed in this lease if You have any questions regarding terminating Your lease.

## DEFAULT AND LOSS OF VEHICLE

**28. DEFAULT** You will be in default if (a) You fail to make any payment when due, or (b) a bankruptcy petition is filed by or against You, or (c) any governmental authority seizes the Vehicle and does not promptly and unconditionally release the Vehicle to You, or (d) You have provided false or misleading material information when applying for this lease, or (e) You fail to keep any other agreement in this lease.

If You are in default, and You have not exercised Your rights in Section 27, the "VOLUNTARY EARLY TERMINATION" paragraph, Finance Company may cancel this lease, take back the Vehicle and sell it at a public or private sale. You agree that the manufacturer of the Vehicle may collect precise GPS location information from Your Vehicle and share it with Finance Company for purposes of locating the Vehicle to defend and protect Finance Company's rights and property. This information may be collected and used for this purpose whether or not You have separately authorized GPS-related services. You also give Finance Company the right to go on Your property to peacefully retake the Vehicle.

Even if Finance Company retakes the Vehicle, You must still pay at once: (a) the difference, if any, between the Unpaid Adjusted Capitalized Cost and the Fair Market Wholesale Value, plus (b) all other amounts then due under this lease. You must also pay all expenses, including reasonable attorney's fees, payable by Finance Company to obtain and hold the Vehicle, collect amounts due and enforce Holder's rights under this lease. You authorize Finance Company to cancel Your insurance and apply any proceeds to Your obligation.

**29. LOSS OR DESTRUCTION OF VEHICLE** If the Vehicle is stolen or destroyed, You will pay to Finance Company: (a) the Unpaid Adjusted Capitalized Cost, **plus** (b) all other amounts then due under this lease, **minus** (c) any insurance proceeds received by Finance Company. <u>Gap Waiver</u>: If You had in effect the insurance required under this lease and Finance Company receives the full proceeds, You will pay to Finance Company: (a) any past due monthly lease payments, **plus** (b) the amount of the applicable insurance deductible, **plus** (c) all other amounts then due under this lease. Even if the Vehicle is insured, until Finance Company receives the appropriate amount above, You are responsible for the scheduled monthly payments.

THIS CUSTOMER COMPLETED COPY WAS CREATED ON 03/30/2024 12:43:37 AM GMT

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY


THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

| ADDITIONAL INFORMATION |
|---|

**30. ASSIGNMENT AND ADMINISTRATION** When You and Lessor sign this lease, Lessor will assign it to Holder, Finance Company or a substitute will administer this lease. You must then pay all amounts due under this lease to Finance Company. All payments must be made in U.S. funds.

If Finance Company is not the Holder of this lease, Holder has appointed Finance Company as its agent. As agent for Holder, Finance Company has the power to act on Holder's behalf to administer, enforce, and defend this lease. If Lessor has agreed to repair or maintain the Vehicle, obtain any insurance or perform any other service, You will look only to the Lessor for these services.

**31. TAXES** You will promptly pay all fees, charges, and taxes relating to the lease or Vehicle (except for Lessor's or Holder's income taxes). You will pay these amounts even if they are assessed after lease end.

**32. TITLING** The Vehicle will be titled in the name of Holder. You will register the Vehicle as directed by Finance Company. You will pay all license, title and registration costs.

**33. INDEMNITY** You will indemnify and hold harmless Lessor, Finance Company and Holder and their assigns from any loss or damage to the Vehicle and its contents and from all claims, losses, injuries, expenses and costs related to the use, maintenance, or condition of the Vehicle or its driver. If You do not pay, You will reimburse Finance Company and pay a **$20** administration fee, unless prohibited by law, for every such fine, ticket, or penalty that must be paid on Your behalf.

**34. SECURITY DEPOSIT** Your security deposit may be used by Finance Company to pay all amounts that You fail to pay under this lease. You will not receive any interest, profits or other earnings on Your security deposit(s).

**35. CONSUMER REPORTS:** You authorize Finance Company and Holder to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this lease.

**36. SERVICING AND COLLECTION** You agree that Lessor, Finance Company, Holder and their affiliates, agents and service providers may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You also expressly consent and agree that Lessor, Finance Company, Holder and their affiliates, agents and service providers may use written, electronic or verbal means to contact you. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic telephone dialing systems. You agree that Lessor, Finance Company, Holder and their affiliates, agents and service providers may use any email address or any telephone number you provide, now or in the future, including a number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

**37. GENERAL** Except as otherwise provided by the law of the state where You reside, the law that will apply to this lease is the law of the state where the Lessor's place of business is, as set forth in this lease. If that law does not allow any of the agreements in this lease, the ones that are not allowed will be void. The rest of this lease will still be good.

**38. ELECTRONIC RECORDS AND SIGNATURES AND CONVERSION TO PAPER** You agree to use electronic records and electronic signatures to document this lease. Your electronic signatures will have the same effect as signatures on a paper lease.

There will be one authoritative copy of this lease. It will be the electronic copy in a document management system the Creditor designates for storing it.

The Creditor may convert that authoritative copy to a paper original. The Creditor will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper.




THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

## READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY
## ARBITRATION

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Lessor/Finance Company/Holder ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**RIGHTS YOU AND WE AGREE TO GIVE UP**
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:

- **RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY**
- **RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION**
- **BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT**
- **RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR**
- **OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT**

**RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the ownership interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court of law review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.

You or we may choose the American Arbitration Association, (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. To the extent that the total of your filing, administration, service or case management fee and your arbitrator or hearing fee exceeds $200, we will pay the amount in excess of $200, unless you choose to pay one-half of the total or unless the fees are reallocated in the award under applicable law or the organization's rules.

Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. The validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.



 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

| SIGNATURES AND IMPORTANT NOTICES |
|---|
| You specifically waive the right to keep any residence address confidential as granted by Section 1808.21 of the California Vehicle Code. |
| You have the right to return the Vehicle, and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by You. |

Modification: This lease sets forth all of the agreements of Lessor and You for the lease of the Vehicle. There is no other agreement. Any change in this lease must be in writing and signed by You and Finance Company.

Lessee: MHARLA SIMMONS

By: X C    *MHARLA SIMMONS*    Title: N/A

Co-Lessee: N/A

By: X C    N/A    Title: N/A

**YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION IN THIS CONTRACT.**

(1) Do not sign this lease before You read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this lease; (3) Warning - Unless a charge is included in this lease for public liability or property damage insurance, payment for that coverage is not provided by this lease.

**NOTICE:** You state that You have been given notice of an assignment of this lease by the Lessor to Holder and a filled-in paper copy of this lease at the time You electronically sign it.

Lessee: MHARLA SIMMONS

By: X D    *MHARLA SIMMONS*    Title: N/A

Co-Lessee: N/A

By: X D    N/A    Title: N/A

Lessor accepts this lease and assigns it to Holder under the terms of the finance or lease plan agreement between Lessor and Finance Company unless otherwise indicated here:

Lessor: FUTURE FORD OF CONCORD, LLC

By: X E    *FABIAN UGWUEZE*    Title: FINANCE MANAGER

 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 03/30/2024 12:43:37 AM GMT

## NOTICE OF TRANSFER AND RELEASE OF LIABILITY

TO PROPERLY RELEASE YOUR LIABILITY, PLEASE READ AND FOLLOW INSTRUCTIONS ON REVERSE SIDE
SECTIONS A-J MUST BE COMPLETED IN FULL     PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME — FIRST
B. NEW OWNER'S ADDRESS — APT NUMBER — C. ODOMETER READING (NO TENTHS)
D. CITY — STATE — ZIP CODE — E. DATE OF SALE OR LEASE RETURN
F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME — FIRST — G. SELLING PRICE (NO CENTS) WHOLE DOLLARS
H. SELLER'S OR LESSEE'S ADDRESS — APT NUMBER — I. SELLER'S OR LESSEE'S SIGNATURE X
J. CITY — STATE — ZIP CODE

VEHICLE ID NUMBER: 7790    YR MODEL MAKE: 2024 LINC    PLATE NUMBER

---

## STATE OF CALIFORNIA
### CERTIFICATE OF TITLE

VEHICLE HISTORY

AUTOMOBILE

7790    YR MODEL: 2024    MAKE: LINC

BODY TYPE MODEL: UT    AX    UNLADEN WEIGHT    FUEL: Q    TRANSFER DATE    FEES PAID: NONE    REGISTRATION EXPIRATION DATE: 04/02/2025

YR 1ST SOLD: 2024    PX    CLASS    YR    MO: 00    EQUIPMT/TRUST NUMBER    ISSUE DATE: 05/13/24

MOTORCYCLE ENGINE NUMBER

ODOMETER DATE: 03/29/2024    ODOMETER READING: 34 MI
ACTUAL MILEAGE

REGISTERED OWNER(S):
CAB WEST LLC LSR
SIMMONS MHARLA LSE
5632 WEAVER PLACE
OAKLAND CA 94619

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER
1b. _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads _____ (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING    ☐ Odometer reading is not the actual mileage.    ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE    TRANSFEROR/SELLER SIGNATURE(S) X    DATE    TRANSFEREE/BUYER SIGNATURE(S) X
PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY    PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S):
HTD LSG LLC
PO BX 30201
COLLEGE STA
TX 77842

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

KEEP IN A SAFE PLACE - VOID IF ALTERED

Case: 25-41825   Doc# 33-1   Filed: 11/05/25   Entered: 11/05/25 14:16:44   Page 9 of 13

EXHIBIT B

**Fill in this information to identify the case:**

Debtor 1: MHARLA SIMMONS

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: NORTHERN District of CALIFORNIA
(State)

Case number: 25-41825-WJL-13

Official Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Lincoln Automotive Financial Services
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Lincoln Automotive Financial Services c/o AIS Portfolio Services, LLC
Name

4515 N. Santa Fe Ave. Dept. APS
Number                Street

Oklahoma City     OK      73118
City              State   ZIP Code

Contact phone (833) 965-2361
Contact email ECFNotices@aisinfo.com

Uniform claim identifier (if you use one):

_____

Where should payments to the creditor be sent? (if different)

Lincoln Automotive Financial Services
Name

PO Box 650004
Number                Street

Dallas            TX      75265-0004
City              State   ZIP Code

Contact phone (800) 955-8532
Contact email fcffald@ford.com

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on ___/___/____
                                                                            MM  DD  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                           Proof of Claim                                  page 1

EXHIBIT C

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ▓▓▓▓

**7. How much is the claim?** $ 14,785.80 . **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

True Lease

**9. Is all or part of the claim secured?**
☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____
**Amount of the claim that is secured:** $ _____
**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☐ No
☑ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410        **Proof of Claim**        page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507 (a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C § 507 (a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. §507 (a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507 (a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward that debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date     10/08/2025
                             MM / DD / YYYY

/s/ Ajay Mohite
Signature

**Print the name of the person who is completing and signing this claim:**

| | | |
|---|---|---|
| Name | Ajay Mohite | |
| | First Name      Middle Name      Last Name | |
| Title | Claims Processor | |
| Company | AIS Portfolio Services, LLC | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | 4515 N Santa Fe Ave. | |
| | Dept. APS | |
| | Number      Street | |
| | Oklahoma City      OK      73118 | |
| | City      State      Zip Code | |
| Contact Phone | 8884556662      Email      ECFNotices@aisinfo.com | |

* This form 410 has been modified by AIS in conformance with FED. R. BANKR. P. 9009 and compliance with FED. R. BANKR. P. 3001. This Form 410, as modified, is substantially similar to Official Form 410.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing proof of claim document was served via the Bankruptcy Court's electronic filing and notice system and/or First Class, U.S. Mail, postage prepaid to all parties listed below.

| Case Information | | | |
|---|---|---|---|
| Debtor(s) MHARLA SIMMONS | | | |
| Street 5632 WEAVER PL | City OAKLAND | State CA | Zip 94619 |
| Case Number 25-41825 | Court NORTHERN DISTRICT OF CALIFORNIA | Chapter 13 | Filing Date 10/01/2025 |

Trustee:
MARTHA G BRONITSKY
P O BOX 5004
HAYWARD, CA 94540

Debtor/Attorney for Debtor:
ProSe
MHARLA SIMMONS
5632 WEAVER PL
OAKLAND, CA 94619

By: /s/ Ajay Mohite
Ajay Mohite
Lincoln Automotive Financial Services
c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave.
Oklahoma City, OK 73118

Official Form 410　　　　Proof of Claim　　　　page 4

Case 25-41825　Claim 2-1　Filed 10/07/25　Desc Main Document　Page 4 of 4
Case: 25-41825　Doc# 33-1　Filed: 11/05/25　Entered: 11/05/25 14:16:44　Page 13 of 13