Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Sarah Velasco, #255873, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266- 5580
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

In re

**Mharla Simmons**

Debtors

Chapter 13 Case No. 25-41825-WJL13

| Plan Objection Information |
|---|

Chapter 13 Trustee ("Trustee") Objects To: Chapter 13 Plan
Filed: October 31, 2025
Docket#: 24

| Motion To Dismiss Information |
|---|

☑ Trustee Seeks To Dismiss or Convert the Case

Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.

**(See II. Motion To Dismiss Below)**

| Case Information |
|---|

Petition Filed: October 01, 2025          Attorney Name: LAW OFFICES OF PETER WINKLER

# I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

## (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☑ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts: Schedule I 1 fails to list the employer's address and legthn of employment for both the debtor and the non-filing spouse, 8 teh self employment income should be on lien 8a and the income/expense attachment filed. The Debtor must complete the Business Exam Questionnaire and provide all the documents requested.

☑ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts: Section 6 as to the Attorney's fees - teh Rights & Responsibilities has not been filed; fails to specify which fee scheme is being followed; fails to specify a monthly payment amount.Schedule E/F Part 4 lists a Domestic Support Obligation of $39,368 however no recipient is listed on the Schedule. If the DSO is Court Ordered a DSO Checklist must be provided to the Trustee.

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☐ (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts:

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☑ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts: The Plan has been filed in bad faith. It is blank, lists no plan payments nor any debts to be paid. The plan is not signed or dated by the attorney.

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐ (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts:

☑ (15(a)) Other: The Plan Is Incomplete

Facts: There are no plan payments listed, no debts to be paid and all the sections are incomplete. Section 5 Class 1 fails to disclose the priority debt listed on Schedule E. sEction 5 class 14 must propose a fixed dollar dividend of $842.20 due to the Chapter 7 liquidation.

☐ (15(b)) Other:

Facts:

## (B) Local Rules and General Orders

☐ (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

Facts:

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☐ (18) The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts:

☑ (19) Other: The Plan Must Be Served with 28 - Days Notice and Opportunity to Object on All Creditors.
Facts: This case was filed as a skeleton which means no plan was served with the Notice of Commencement of Case. Per the Local Rules the Debtor must serve all Creditors with the plan and a 28-day Notice of Opportunity to Object. A certificate of service proving this was done must also be filed.

## II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☑ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts: Schedule A/B 1.1 as to the realy property located at 5632 Weaver Place, Oakland the Schedule shows the debtor has a 1/4 interest in the real property and that the value owned by the debtor is $450,00, however the Schedule checks that only the debtor has an interest.  So either a different box needs to be checked or the value owned by the debtor is the full value of the property.  An Amended Schedule A/B must be filed.  3.1 as to the 2021 Lincoln Nautilus fails to disclose the value of the vehicle and the value owned by the Debtor.  Schedule D fails to disclose secured creditor Lincoln Automotive Financial Claim #2 and the Schedule fails to disclose the lender for the real property Selene Finance.  Schedule E/F 2.1 combines FTB and IRS they must be listed seperately, the creditor addresses are missing and the listing fails to list the amount priority and non priority; 2.2 Aqua Finance, MOehla & United Consumer Financial Service, Apple Card-GS Bank & Macy's are all listed as priority due to co-signer.  A co-signer does not change an unsecured debt to priority.  These debts should be reclassified and the address of each creditor included. Schedule H #2 fails to disclose the name and address of the spouse, former spouse or legal equivalent. Statement of Affairs 3 should be "yes" per Schedule H, 27 PRime Realty & PM fails to specify the nature of the business and dates the business existed - the "to" date is missing.

☐ (6) Other cause:

Facts:

### III. Trustee's Recommendation/Analysis

☑ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

***Note: If you have questions, please contact Carolina Urbina by email at curbina@oak13.com.

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☑ That the Debtor's case be dismissed or converted.

Such other and further relief as the court deems proper.

Date: November 05, 2025                                    /s/ Trustee Martha G. Bronitsky
                                                           Trustee Martha G. Bronitsky
                                                           Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 05, 2025                         /s/ Olga Gonzalez
                                                Olga Gonzalez

Mharla Simmons                                  Law Offices Of Peter Winkler
5632 Weaver Pl                                  104-A Main St
Oakland,CA 94619                                Tiburon,CA 94920

Debtor                                          (Counsel for Debtor)